IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2091-FL

| | | |
|---|---|---|
| XAVIER A. PULLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL HARDEE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on the motion to dismiss pursuant to Rule 12(b)(6) (DE # 6) of respondent Michael Hardee ("respondent"). Also before the court is petitioner's motion for bond (DE # 2). These matters are ripe for adjudication. For the following reasons, the court grants respondent's motion and denies petitioner's motion.

## STATEMENT OF CASE

On January 10, 2011, in the Wake County Superior Court, petitioner pleaded guilty to trafficking in cocaine by manufacturing. Pet. at 1. Petitioner then was sentenced to a term of thirty-five (35) to forty-two (42) months imprisonment. Id.

On May 16, 2011, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his petition: (1) he received ineffective assistance of counsel; (2) the state court violated his constitutional rights to due process and to be free from cruel and unusual punishment; (3) he received an unlawful sentence; and (4) the trial court did not have jurisdiction to enter his guilty plea. Petitioner also alleges that his guilty plea was

misguided and that he did not give the North Carolina Department of Correction permission to detain him. Petitioner thereafter filed a motion for bond. On June 21, 2011, respondent filed a motion to dismiss, arguing petitioner's claims should be dismissed because he failed to exhaust his state court remedies, to which petitioner responded.

## DISCUSSION

A.   Motion for Bond

Petitioner requests release on bond pursuant to Federal Rule of Appellate Procedure 23. Rule 23(b) provides that an inmate appealing denial of habeas corpus relief may be released pending a ruling on his appeal if release appears appropriate to the court. Fed. R. App. P. 23(b). Here, petitioner is not appealing a denial of habeas corpus relief, thus Rule 23 is inapplicable and his motion is DENIED.

B.   Motion to Dismiss

1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."

2

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

2. Analysis

Respondent contends that this matter should be dismissed because petitioner failed to exhaust his state court remedies. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254 (b)(1)(A). To satisfy the exhaustion requirement, a prisoner must fairly present his claims to the state court. Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (internal quotations omitted). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth, 377 F.3d at 448. This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Although the exhaustion requirement is not jurisdictional, the requirement is strictly enforced. Hendrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Granberry v. Greer, 481 U.S. 129, 131 (1987); Rose v. Lundy, 455 U.S. 509, 522 (1982)). By giving state courts the first opportunity to review a claim, the exhaustion requirement "prevent[s] unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." Picard v. Conner, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). In this case, respondent has not waived

the exhaustion requirement. See 28 U.S.C. §2254(b)(3).

Here, petitioner did not appeal his conviction, nor did he move for any other type of relief in connection with his state court conviction. Accordingly, he failed to fairly present in state court the grounds for which he now seeks federal relief. Because petitioner has not exhausted his state court remedies, this action is DISMISSED without prejudice to allow him the opportunity to exhaust such remedies.[1]

C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate

---

[1] The court does not find it necessary to stay this action pursuant to the United States Supreme Court's statements in Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). Notably, petitioner pleaded guilty on January 10, 2011. Accordingly, the statutory period has not expired in this action, and a properly filed state post-conviction motion would operate to toll the Antiterrorism and Effective Death Penalty Act of 1996's one-year statute of limitation. See 28 U.S.C. § 2244(d)(2).

of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 6) is GRANTED and petitioner's action is dismissed without prejudice for failure to exhaust his state court remedies. Petitioner's motion for bond (DE # 2) and the Certificate of Appealability are DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 3rd day of October, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

5